IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAIRPORT VENTURES, L.L.C., A TEXAS LIMITED LIABILITY COMPANY, *Plaintiff* | § § § | |
| v. | § | CASE NO.4:16-CV-01038 |
| | § | |
| BENEFICIAL FINANCIAL I, INC., *Defendant* | § § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
### under Rule 26(f) of the
### Federal Rules of Civil Procedure

1.   State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.

  The 26(f) conference was held telephonically on August 5, 2016.  Counsel in attendance were:

  Timothy J. Swanson
  Texas Bar No. 24063665
  ShapiroSchwartz, LLP
  13105 Northwest Freeway, Suite 1200
  Houston, Texas  77040
  Telephone:  (713) 462-2565
  Facsimile:  (847) 879-4854
  Email:  tiswanson@logs.com
  Attorney for Beneficial Financial I, Inc.

  Jerry L. Schutza
  Texas Bar No. 17853800
  11 Greenway Plaza, Suite 2820
  Houston, Texas  77046
  Telephone:  (713) 961-1200
  Facsimile:  (713) 961-0941
  Email: schutzalaw@yahoo.com
  Attorney for Fairport Ventures, L.L.C. A Texas Limited Liability Company

  2.   List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.

Response:  None.

3. Briefly describe what this case is about.

Response: Plaintiff filed suit to enjoin the foreclosure of Defendant's lien after purchasing the property at the foreclosure of a homeowner association assessment lien. Plaintiff alleges that the enforcement of Defendant's lien is barred by the statute of limitations and creates a cloud on title. Defendant asserts the affirmative defense of privity, as Plaintiff is not a party to the deed of trust and did not sign the loan documents. Additionally, Defendant asserts the affirmative defense of Statute of Frauds, as Plaintiff has been unable to produce any writing of contract between itself and Defendant.

4. Specify the allegation of federal jurisdiction.

Response: This lawsuit was removed to this Court based on diversity of the parties.

5. Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.

Response: None.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

Response: The parties do not anticipate additional parties at this time.

7. List anticipated interventions.

Response: No interventions are anticipated at this time.

8. Describe class−action issues.

Response: None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Response: The deadline for Initial Disclosures is August 19, 2016. The parties anticipate serving Initial Disclosures on that date.

10. Describe the proposed agreed discovery plan, including:

    A. responses to all the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic discovery;

    Response: The parties propose that ESI should be made in PDF format. At this time, the parties do not know of any disputes regarding the disclosure of ESI.

B. When and to whom the plaintiff anticipates it may send interrogatories;

Response: Plaintiff anticipates sending interrogatories to Defendant's registered agent. Plaintiff anticipates propounding interrogatories to Defendant by September 30, 2015.

C. When and to whom the defendant anticipates it may send interrogatories;

Response: Defendant anticipates sending interrogatories on John Noorlag, Bernadette Noorlag, and the registered agent of Fairport Ventures, L.L.C., a Texas Limited Liability Company. Defendant anticipates propounding interrogatories to Plaintiff by October 15, 2016.

D. Of whom and by when the plaintiff anticipates taking oral depositions;

Response: Plaintiff anticipates taking the oral deposition of Defendant's registered agent. Plaintiff believes depositions can be completed by October 31, 2016.

E. Of whom and by when the defendant anticipates taking oral depositions;

Response: Defendant anticipates taking the oral depositions of John Noorlag, Bernadette Noorlag, and the registered agent of Fairport Ventures, L.L.C., a Texas Limited Liability Company. However, if Defendant later decides that other oral depositions are needed, Defendant believes depositions can be completed by December 15, 2016.

F. (i) The date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party; (ii) the date experts for defendant will be designated and their reports provided to opposing party;

Response: Plaintiff does not anticipate the designation of expert witnesses. However, if Plaintiff later decides to designate expert witnesses, Plaintiff anticipates depositions can be completed by October 31, 2016.

G. List of expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date (*see* Rule 26(a)(2)(B) (expert report)); and

Response: Plaintiff does not anticipate the designation of expert witnesses. However, if Plaintiff later decides to designate expert witnesses, Plaintiff anticipates depositions can be completed by December 15, 2016.

H. List of expert depositions the defendant (or opposing party) anticipates taking and their anticipated completion date (*see* Rule26(a)(2)(B) (export report)).

>Response:  Defendant does not anticipate the designation of expert witnesses. However, if expert witnesses are later designated by Plaintiff, Defendant anticipates depositions can be completed by December 15, 2016.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Response:  The parties agree to the proposed discovery plan as submitted.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

Response:  None.

13. State the date the planned discovery can reasonably be completed.

Response:  February 1, 2017.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Response:  The parties are discussing settlement, but at this time there does not appear that a prompt settlement is possible.

15. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.

Response:  The parties have discussed settlement and such discussions are ongoing.

16. From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.

Response:  The parties do not believe that alternative dispute resolution would be productive in this case at present time, but may consider mediation in the future.

17.  Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

Response:  The parties do not agree to this case being heard by a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

Response:  No jury demand has been made.

19. Specify the number of hours it will take to try this case (including jury selection, presentation of evidence, counsel's opening statements and argument, and charging the jury).

Response: The parties anticipate this trial will last 6-8 hours.

20.  List pending motions that could be ruled on at the initial pretrial conference.

Response: None.

21.  List other motions pending.

Response: None at this time.

22.  Indicate other matters peculiar to this case, including but not limited to traditional and electronic discovery issues that deserve the special attention of the court at the conference.

Response: None at this time.

23.  Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

Response: Defendant filed its disclosure on April 20, 2016. Plaintiff intends to file its Disclosure of interested parties by August 26, 2016.

24.  List the names, bar numbers, addresses, email addresses and telephone numbers of all counsel.

>   Kirk A. Schwartz
>   Texas Bar No. 24004908
>   ShapiroSchwartz, LLP
>   13105 Northwest Freeway, Suite 1200
>   Houston, Texas  77040
>   Telephone:  (713) 462-2565
>   Facsimile:  (847) 879-4854
>   Email:  bhenshaw@logs.com
>   Attorney for Beneficial Financial I, Inc.
>
>   Jerry L. Schutza
>   Texas Bar No. 17853800
>   11 Greenway Plaza, Suite 2820
>   Houston, Texas  77046
>   Telephone:  (713) 961-1200
>   Facsimile:  (713) 961-0941
>   Email: schutzalaw@yahoo.com
>   Attorney for Fairport Ventures, L.L.C. A Texas Limited Liability Company

\_/s/\_ Kirk A. Schwartz_____  \_8/15/2016_____
Counsel for Plaintiff						Date


\_/s/\_\_ Jerry L. Schutza_____  \_8/15/2016_____
Counsel for Defendant						Date