IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAIRPORT VENTURES, L.L.C., A TEXAS | § | |
| LIMITED LIABILITY COMPANY, *Plaintiff* | § | |
| | § | |
| v. | § | CASE NO.4:16-CV-01038 |
| | § | |
| BENEFICIAL FINANCIAL I, INC., | § | |
| *Defendant* | § | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, through its mortgage servicer Caliber Home Loans, Inc., successor in interest to Beneficial Financial I, Inc. ("***Defendant***"), and files this Motion for Summary Judgment (the "***Motion***") pursuant to FED. R. CIV. P. 56 and provides the following in support of this Motion:

### INTRODUCTION

1.      The Loan, secured by the Property at issue, is due and owing for the November 14, 2011 payment. Despite this default, Beneficial Financial I, Inc. accepted payments as late as November 2013, and took other actions inconsistent with acceleration. The loan was finally accelerated on March 14, 2016.  In November 2016, the Loan was sold to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.  Caliber Home Loans, Inc. is the mortgage servicer of the Loan.

2.      Because the Loan was not accelerated until 2016, the four year statute of limitations is inapplicable and Plaintiff's claims fail as a matter of law and should be denied.

### SUMMARY JUDGMENT EVIDENCE

3.      Defendant attaches the following evidence in support of its Motion for Summary Judgment, which is incorporated herein by reference:

- Affidavit in Support of Defendant's Motion for Summary Judgment, attached as **Exhibit "A"**.

- Loan Repayment and Security Agreement, attached as **Exhibit "1"**.

- Deed of Trust, attached as **Exhibit "2"**.

- Articles of Merger and Transfer of Lien, attached as **Exhibit "3"**.

- Notice of Right to Cure Default, attached as **Exhibit "4"**.

- Notice of Acceleration and Posting, attached as **Exhibit "5"**.

## FACTUAL BACKGROUND

4.      On or about December 5, 2005, John Noorlag and Bernadette C. Noorlag (collectively "***Borrowers***") executed a Loan Repayment and Security Agreement[1] (the "***Note***") in the pr

5.      incipal amount of $139,560.21 payable to the order of Beneficial Texas Inc. Contemporaneously with the execution of the Note, the Borrowers executed a Deed of Trust[2] ("***Deed of Trust***") securing the real property and improvements commonly known as 9422 Castlegap Drive, Spring, Texas 77379 (the "***Property***") and more particularly described as follows:

> LOT FIFTY-ONE (51), IN BLOCK THREE (3), OF GLEANNLOCH FARMS, SECTION TWENTY-THREE (23), A SUBDIVISION IN HARRIS COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 518046 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

6.      On or about April 5, 2014, Defendant sent Borrowers a Notice of Right to Cure Default.[3]

---

[1] *See* Exhibit 1.
[2] *See* Exhibit 2.
[3] *See* Exhibit 4.

7.      On or about March 14, 2016, counsel for Defendant sent Borrowers a Notice of Acceleration.[4]

## ARGUMENT & AUTHORITIES

8.      Summary Judgment shall be granted when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[5] The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.[6] Once a movant makes a properly supported motion, the burden shifts to the non-movant to show that summary judgment should not be granted.[7] The non-movant may not rest upon allegations in the pleadings, but must support the response with summary judgment evidence showing the existence of a genuine fact issue for trial.[8] All evidence and reasonable inferences must be viewed in the light most favorable to the non-movant.[9] While a failure to state a claim is usually challenged by a motion for dismissal under Rule 12(b)(6), it may also constitute the basis for a summary judgment under Rule 56 because "the failure to state a claim is the 'functional equivalent' of the failure to raise a genuine issue of material fact."[10]

9.      The Texas Supreme Court in *Holy Cross Church of God in Christ v. Wolf*, held that "[i]f a note or deed of trust secured by real property contains an optional acceleration clause,

---

[4] *See* Exhibit 5.
[5] *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[6] *Celotex*, 477 U.S. at 322-25.
[7] *Id.* at 321-25.
[8] *Id.*; *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 255-57 (1986).
[9] *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).
[10] *Whalen v. Carter*, 954 F.2d 1097, 1098 (5th Cir. 1992).

default does not *ipso facto* start limitation running on the note. Rather, the action accrues only when the holder actually exercises its option to accelerate."[11]

10.     Here, the Deed of Trust contains an option acceleration clause. Paragraph 18 states: "If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Deed of Trust…"[12]

11.     Thus, the statute of limitation did not start to accrue until Defendant exercised its option to accelerate.

12.     "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration."[13]

13.     Here, the Notice of Right to Cure Default was provided on April 5, 2014, and the Notice of Acceleration was sent on March 14, 2016.[14] Thus, the statute of limitations started running on March 14, 2016.

14.     The statute of limitations to foreclose upon a real property lien is four years.[15]

15.     Because four (4) years have not elapsed since March 14, 2016, Plaintiff's claims fail as a matter of law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this Court enter a judgment dismissing Plaintiff's claims with prejudice to refiling, and for such other relief, at law or in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

---

[11] *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)(citing *Holy Hammann v. H.J. McMullen & Co*., 62 S.W.2d 59, 61 (1933); *Curtis v. Speck*, 130 S.W.2d 348, 351 (Tex. Civ. App.—Galveston 1939, writ ref'd)).
[12] *See* Exhibit 2, pg 6, ¶18.
[13] *Holy Cross*, 44 S.W.3d, at 566 (citing *Shumway v. Horizon Credit Corp*., 801 S.W.2d 890, 892 (Tex. 1991); *Ogden v. Gilbratar Sav. Ass'n*, 640 S.W.2d 232, 233 (Tex. 1982)).
[14] *See* Exhibits 4 & 5.
[15] *See* TEX. CIV. PRAC. & REM. CODE 16.035.

By:_____/s/ *Robert Y. Petersen*_____
Robert Y. Petersen
Texas Bar No. 24083655
Kirk A. Schwartz
Texas Bar No. 234004908
H. Gray Burks, IV
Texas Bar No. 03418320
ShapiroSchwartz, LLP
13015 Northwest Freeway, Suite 1200
Houston, Texas  77040
Telephone:  (713) 462-2565
Facsimile:  (847) 879-4854
Email:  ropetersen@logs.com

Attorneys for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, through its mortgage servicer Caliber Home Loans, Inc., successor in interest to Beneficial Financial I, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of March, 2017, a true and correct copy of the foregoing was sent to:

Jerry L. Schutza
Attorney at Law
11 Greenway Plaza, Suite 2820
Houston, Texas  77046
*Via Certified Mail, Return Receipt Requested*

___/s/ *Robert Y. Petersen*_____
Robert Y. Petersen