IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAIRPORT VENTURES, L.L.C., A TEXAS | § | |
| LIMITED LIABILITY COMPANY, *Plaintiff* | § | |
| | § | |
| v. | § | CASE NO.4:16-CV-01038 |
| | § | |
| BENEFICIAL FINANCIAL I, INC., | § | |
| *Defendant* | § | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
AND RESPONSE TO PLAINTIFF'S MOTION FOR CONTINUANCE, MOTION TO
DISMISS, MOTION TO STRIKE AND MOTION TO REMAND**

COMES NOW Defendant, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, through its mortgage servicer Caliber Home Loans, Inc., successor in interest to Beneficial Financial I, Inc. ("***Defendant***"), and files this Reply in Support of Its Motion for Summary Judgment and Response to Plaintiff's Motion for Continuance, Motion to Dismiss, Motion to Strike and Motion to Remand comprising docket numbers 10 and 11 collectively and would respectfully show unto this Court as follows:

**INTRODUCTION**

1.     On March 3, 2017, Defendant filed its Motion for Summary Judgment (the "***Motion***") with evidence supporting that the loan at issue was not accelerated until March 14, 2016. [Dkt. 9].

2.     On March 23, 2017, Plaintiff filed its Motion to Dismiss, Motion to Strike and Motion to Remand. [Dkt. 10]. On March 24, 2017, Plaintiff filed its Motion For Continuance and Response To [Plaintiff]'s Motion For Summary Judgment.[1] [Dkt. # 11]. These motions raise a

---

[1] *Plaintiff* Fairport Ventures, LLC incorrectly labeled its Motion as *Defendant*'s Motion for Continuance and Response to *Plaintiff*'s Motion for Summary Judgment. It should be labeled as Plaintiff's Motion for Continuance and Response to Defendant's Motion for Summary Judgment.

variety of arguments, none of which create a genuine dispute of material fact. Accordingly, Defendant is entitled to summary judgment as a matter of law.

**[PLAINTIFF'S] MOTION FOR CONTINUANCE AND RESPONSE TO [DEFENDANT'S] MOTION FOR SUMMARY JUDGMENT**
[Dkt. 11]

## A.     Plaintiff's Motion for Continuance

3.     Plaintiff's Motion for Continuance asserts that Defendant's Motion For Summary Judgment is premature and thus a continuance should be granted. Plaintiff advances two arguments to support this claim. First, Plaintiff argues that the current Defendant appeared in this case less than 30 days ago, and thereafter Plaintiff filed a Motion to Dismiss, Motion to Strike, and Motion to Remand which should be considered before the Motion for Summary Judgment. Second, Plaintiff complains that it has not had an opportunity to conduct discovery, especially against the "new" Defendant.

4.     As to the Motion for Summary Judgment being premature, said Motion was filed after the discovery deadline had expired, and within the timeframe set forth for filing dispositive motions. Thus, this argument is without merit.

5.     The claim that the Motion for Summary Judgment is premature because a "new" Defendant appeared is without merit. Defendant U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("***U.S. Bank, as Trustee***") took over the loan at issue in this lawsuit. Plaintiff's claims relate to the validity of the loan based upon acceleration and the statute of limitations. U.S. Bank, as Trustee's substitution into the case to replace Beneficial Financial I, Inc. does nothing to alter Plaintiff's underlying claim. Plaintiff's request is simply a delay tactic, as is its Motion to Dismiss, Motion to Strike and Motion to Remand, which are addressed elsewhere in this Response.

6.      As for the second argument regarding the need for time to conduct discovery, this Court set forth a Docket Control Order on August 26, 2016. *See* [Dkt. 8]. Between August 26, 2016 and the present, Plaintiff has conducted *no* discovery. The discovery deadline ended on February 1, 2017. *Id.*   Now, more than seven weeks after the expiration of the discovery deadline, having conducted no discovery, Plaintiff wants an extension of the deadline. Plaintiff provides no reason for its failure to propound discovery, nor does it explain what new information it expects to gain from this proposed discovery that it could not have learned from conducting discovery earlier. Plaintiff's Petition asserts that the loan is void based upon the note being accelerated at least four years prior, and thus the statute of limitations has expired. The evidence of which Plaintiff would need to show acceleration, such as notices of default, notices of acceleration, and other correspondence from the lender or mortgage servicer, would necessarily have had to be in existence more than four years ago. The substitution of the new lender and servicer does not change the fact that Plaintiff could have asked for these documents during the discovery period, but chose not to do so. Accordingly, because Plaintiff failed to act diligently in pursuing discovery, its request for a continuance should be denied.

**B.      Response to Motion for Summary Judgment**

7.      Plaintiff's Response to [Defendant's] Motion For Summary Judgment asserts that the Deed of Trust is void because the Note was accelerated at least by February 11, 2013.[2]  Thus, Plaintiff argues the lien became void on February 11, 2017 based upon the four-year statute of limitations on acceleration notices. [Dkt. # 11, pp. 3-8].

---

[2] The document attached to Plaintiff's Response to [Defendant's] Motion for Summary Judgment is incomplete. Further, Plaintiff does not provide a business records affidavit in support or take action otherwise so as to make the document admissible as summary judgment evidence. Accordingly, Plaintiff's Ex. A (as part of [Dkt. 11]) should be stricken.

8.     As an initial matter, this date and corresponding limitations calculation is not the date utilized in Plaintiff's Original Petition.

9.     Furthermore, this argument ignores the evidence Defendant attached to its Motion for Summary Judgment.

10.     On April 5, 2014, Defendant sent a Notice of Right to Cure Default letter to the borrowers on the Loan, John and Bernadette Noorlag. *See Defendant's Motion for Summary Judgment, Exhibit 4*. The letter demanded $35,708.47 which was *less* than the full amount owed on the Note.

11.     The Fifth Circuit has held "[l]imitations began to run from the most recent acceleration, not from the earlier accelerations the bank had waived or abandoned. As relevant here, the request for payment of less than the full obligation — after initially accelerating the entire obligation — was an unequivocal expression of the bank's intent to abandon or waive its initial acceleration." *Martin v. Federal National Mortg. Ass'n*, 814 F.3d 315, 319 (5th Cir. 2016). The Fifth Circuit held that the bank had "waive[d] its earlier acceleration when it put[] the borrowers on notice of its abandonment…by requesting payment on less that the full amount of the loan." *Id.* (citing *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015)(quoting *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 Fed.Appx. 677, 680 (5th Cir. 2015) (per curiam))).

12.     Thus, the fact that Defendant demanded less than the full amount owed shows as a matter of law that any earlier acceleration was abandoned. Plaintiff makes no attempt to address this case law and ignores the existence of the April 5, 2014 letter.

13.     Accordingly, the four-year statute of limitations on acceleration notices has not expired, and Defendant is entitled to summary judgment as a matter of law.

**PLAINTIFF'S MOTION TO DISMISS, MOTION TO STRIKE AND MOTION TO REMAND**
[Dkt. 10]

**A.     Motion to Dismiss**

14.     Plaintiff's Motion to Dismiss begins with Plaintiff seeking to dismiss its claims against Beneficial Financial I, Inc. ("***Beneficial***").  [Dkt. 10, pg 2].  Presumably, this is pursuant to FED. R. CIV. P. 41(a).  As Defendant has appeared in the case, Defendant's permission is required to dismiss the claims. *See* FED. R. CIV. P. 41(a)(1)(A)(ii). Defendant does not stipulate to a voluntary dismissal unless such dismissal is with prejudice to refiling as to both Beneficial Financial I, Inc. and U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

15.     Plaintiff next asserts that the "controversy" is now moot because Beneficial is no longer the owner of the Deed of Trust.

16.     FED. R. CIV. P. 25(c) provides that "[i]f an interest is transferred the action may be continued by or against the original party …"

17.     Here, Plaintiff filed suit against Beneficial as owner of the Deed of Trust contending that the Deed of Trust was void. Defendant U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, through its mortgage servicer Caliber Home Loans, Inc., successor in interest to Beneficial Financial I, Inc. holds the promissory Note and Deed of Trust about which Plaintiff is suing. Whether the Deed of Trust is void due to the statute of limitations is still in controversy. Thus, the controversy is not moot. The proper parties remain before the court and are subject to the Court's jurisdiction.[3] Therefore, Plaintiff's Motion to Dismiss *without prejudice* should be denied as this Court retains jurisdiction over a live controversy.

---

[3] Plaintiff's argument also fails for a more practical reason. If a defendant could "moot" a lawsuit simply by "transferring" its interest, then the plaintiff would be forced to play a game of whack-a-mole trying to obtain a judgment against the "right" defendant.  Or similarly, a defendant on the eve of trial, facing a massive judgment, would simply transfer the offending asset, rendering years of legal proceedings moot.

**B.      Motion to Strike**

18.      Plaintiff next attempts to strike Defendant and its Motion for Summary Judgment because Defendant did not comply with FED. R. CIV. P. 24 regarding intervention. This argument fails as Defendant is not intervening.   It is the new noteholder of the loan. As successor in interest to Beneficial, Defendant U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, through its mortgage servicer Caliber Home Loans, Inc., is the proper party and is substituting in through Fed. R. Civ. P. 25(c).

19.      Pursuant to Rule 25, the Fifth Circuit in *FDIC v. SLE, Inc.*, 722 F.3d 264 (5th Cir. 2013) held "Rule 25(c) includes permissive language, and does not require transferees to substitute in an action…Rule 25(a)(3)…governs the service of substitution…The rules of service in Rule 25(a)(3) govern any substitution motion that transferees choose to file, but neither Rule 25(a)(3) nor (c) require a party to move to substitute." *FDIC v. SLE, Inc.*, 722 F.3d 264, 268 (5th Cir. 2013).

20.      Thus, Plaintiff's Motion to Strike should be denied.

**C.      Motion to Remand**

21.      Finally, Plaintiff seeks a Motion to Remand to send this case back to state court. Plaintiff asserts that diversity jurisdiction has been destroyed, or at the very least has not been established by Defendant, therefore declaring remand is appropriate.

22.      As an initial matter, Defendant U.S. Bank, as Trustee is diverse as it is a citizen of Minnesota. "When a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods*, 136 S.Ct. 1012, 1016 (2016)(citing *Navarro Savings Assn. v. Lee*, 446 U.S. 458,, at 462-466, 100 S.Ct. 1779).

23.     Plaintiff's interpretation of *Americold* is simply not the law. *See e.g. Halley v. Deutsch Bank National Trust Company, as Trustee*, Civil Action No. H-15-1174 (S.D. Tex. July 15, 2016)(interepreting *Americold* in reference to a trust).

24.     Secondly, the citizenship of a defendant who is later added as a substituted party under FED. R. CIV. P. 25 can be disregarded for purposes of determining diversity jurisdiction. The United States Supreme Court held in *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) that the addition of a non-diverse party pursuant to Rule 25(c) generally does not deprive the District Court of subject matter jurisdiction, and hence does not require remand or dismissal. *See also Burka v. Aetna Life Ins.*, 87 F.3d 478, 480 (D.C.Cir. 1996)(substitution of party under FED. R. CIV. P. 25 did not defeat diversity).

25.     Accordingly, because U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust became a party to this litigation through substitution pursuant to Fed. R. Civ. P. 25(c) via assignment of the note and deed of trust at issue, subject matter jurisdiction is not deprived and remand or dismissal is not required.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this Court deny Plaintiff's Motion to Dismiss, Motion to Strike and Motion to Remand; deny Plaintiff's Motion for Continuance; and grant Defendant's Motion for Summary Judgment.  Defendant further prays for all such other relief, at law or in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,


By:_____/s/ *Robert Y. Petersen*_____
          Robert Y. Petersen
          Texas Bar No. 24083655
          Kirk A. Schwartz
          Texas Bar No. 234004908
          H. Gray Burks, IV
          Texas Bar No. 03418320
          ShapiroSchwartz, LLP
          13015 Northwest Freeway, Suite 1200
          Houston, Texas  77040
          Telephone:  (713) 462-2565
          Facsimile:  (847) 879-4854
          Email:  ropetersen@logs.com

          Attorneys for U.S. Bank Trust, N.A., as Trustee for
          LSF9 Master Participation Trust, through its
          mortgage servicer Caliber Home Loans, Inc.,
          successor in interest to Beneficial Financial I, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of March, 2017, a true and correct copy of the foregoing was sent to:

Jerry L. Schutza
Attorney at Law
11 Greenway Plaza, Suite 2820
Houston, Texas  77046
*Via Certified Mail, Return Receipt Requested*

          ___/s/ *Robert Y. Petersen*_____
          Robert Y. Petersen