Case 4:16-cv-01038   Document 15   Filed on 07/06/17 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
July 06, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FAIRPORT VENTURES, LLC, §
§
    Plaintiff, §
§
v. § CIVIL ACTION NO. H-16-1038
§
BENEFICIAL FINANCIAL I, INC., §
§
    Defendant. §

## MEMORANDUM AND ORDER

Pending are Defendant's Motion for Summary Judgment (Document No. 9), Plaintiff's Motion to Dismiss, Motion to Strike and Motion to Remand (Document No. 10), and Plaintiff's Motion for Continuance (Document No. 11). After carefully considering the motions, responses, reply, and applicable law, the Court concludes as follows.

The uncontroverted summary judgment evidence is that in 2005, John and Bernadette Noorlag (the "Noorlags") executed a Loan Repayment and Security Agreement and a Deed of Trust giving Beneficial Texas, Inc. a security interest in property located at 9422 Castlegap Drive in Spring, Texas (the "Property").[1] Beneficial Texas, Inc. then merged into Beneficial Financial I, Inc. ("Beneficial").[2] On April 5, 2014, after the Noorlags had

---

[1] Document Nos. 9-2, 9-3.

[2] Document No. 9-4.

failed to make any payments to Beneficial for two and a half years, Beneficial sent to the Noorlags a notice of their default and right to cure the default by paying the full amount of the breach, $37,708.47, which notice also informed the Noorlags of Beneficial's intent to accelerate the debt.[3] On March 14, 2016, Beneficial through its mortgage servicer sent to the Noorlags a notice of acceleration and notice of a trustee's sale of the Property scheduled for April 5, 2016.[4]

Before the sale could be conducted, Plaintiff Fairport Ventures, LLC ("Plaintiff") filed its Original Petition and Application for Temporary Restraining Order in state court, alleging that it had purchased the Property in 2015 at a trustee's sale conducted by the Glenloch Farms Community Association and that Beneficial had accelerated the debt "as early as 2008 or earlier," such that Beneficial's right to enforce the Deed of Trust was barred by the statute of limitations.[5] Plaintiff sought a determination of whether the Deed of Trust was enforceable, a "judgment which strikes the Deed of Trust as a cloud on Plaintiff's title to the Property," and an injunction of the upcoming trustee's sale.[6] The state court issued an *ex parte* temporary restraining

---

[3] Document No. 9-5.

[4] Document No. 9-6.

[5] Document No. 1-1.

[6] Id.

2

order enjoining the sale, and Beneficial timely removed the case to federal court on the basis of diversity jurisdiction.[7]

Six and a half months after removal, Beneficial transferred its rights in the Deed of Trust to U.S. Bank Trust, as Trustee for LSF9 Master Participation Trust.[8] U.S. Bank Trust, as Beneficial's successor in interest, adopted its position as Defendant and moved for summary judgment.[9] In response, Plaintiff filed a motion to dismiss, motion to strike Defendant's filing, and motion to remand, arguing that (1) its claim against Beneficial is moot, (2) Defendant did not properly move to intervene under Rule 24, and (3) the Court lacks subject matter jurisdiction because Defendant has not established that complete diversity exists among the parties.[10] Plaintiff also responded to Defendant's summary judgment motion on the merits and moved to continue consideration of the motion until Plaintiff "has had an opportunity to conduct reasonable discovery."[11]

---

[7] Document Nos. 1, 1-3.  Plaintiff is a Texas citizen and Beneficial is a California citizen for purposes of diversity jurisdiction.  Document No. 1 at 2.  It is undisputed that the amount in controversy exceeds $75,000, exclusive of interest and costs.

[8] Document No. 9-4.

[9] Document No. 9.

[10] Document No. 10.

[11] Document No. 11.

Plaintiffs' various motions are wholly without merit. As an initial matter, "in cases that have been removed to federal court diversity of citizenship is required at two specific time periods only, when the action is originally filed in state court and at the instant the case is removed. If diversity is established at the commencement and removal of the suit, it will not be destroyed by subsequent events." 7547 Partners v. Fistek, 114 F.3d 1183 (5th Cir. 1997) (citing Freeport-McMoRan, Inc. v. K N Energy, Inc., 111 S. Ct. 858 (1991)). It is undisputed that complete diversity existed between Plaintiff and Beneficial when Plaintiff filed this suit and when Beneficial removed it, and that U.S. Bank Trust had no interest in the matter at those times. Even assuming that U.S. Bank Trust is non-diverse,[12] its substitution as Beneficial's successor in interest more than six months after removal of the case did not deprive the Court of jurisdiction. *See* Freeport-McMoRan, 111 S. Ct. at 860 (where nondiverse party acquired interest in the contract at issue after commencement of federal proceedings and substituted as plaintiff under Rule 25(c), diversity jurisdiction was not defeated).

---

[12] Plaintiff does not assert that U.S. Bank Trust is a Texas citizen, but merely argues that under Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012 (2016), a trustee entity has the citizenship of the trust owners and that U.S. Bank Trust has not produced evidence of its citizenship. Document No. 10 at 6-7. U.S. Bank Trust disputes Plaintiff's interpretation of Americold and asserts that it is a citizen of Minnesota. Document No. 14 at 6-7. Under 7547 Partners and Freeport-McMoRan, it is unnecessary to determine U.S. Bank Trust's citizenship.

Nor is this suit moot for lack of a justiciable controversy. Plaintiff's Original Petition challenges Beneficial's right to enforce the Deed of Trust. Beneficial has now transferred that right to U.S. Bank Trust, which properly defends Defendant's interest as Beneficial's successor in interest. Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." FED. R. CIV. P. 25(c). The Fifth Circuit recently explained that Rule 25(c) is permissive; it does not *require* a party to move to substitute. F.D.I.C. v. SLE, Inc., 722 F.3d 264, 268 (5th Cir. 2013) (holding that assignee of judgment had standing to revive the judgment despite not filing motion to substitute as a party plaintiff). U.S. Bank Trust properly stands in the shoes of Beneficial as Beneficial's successor in interest, and Plaintiff cites no authority for its argument that U.S. Bank Trust separately is required to move to intervene under Rule 24.[13]

Finally, Plaintiff's motion for a continuance until it "has had an opportunity to conduct reasonable discovery," in which Plaintiff argues that the motion for summary judgment was premature, is frivolous. Defendant moved for summary judgment more

---

[13] As a matter of form, it would seem preferable for a successor in interest to move for substitution under Rule 25(c), both for clarity and to avoid fatuous arguments such as this.

5

than a month after the close of discovery, on the deadline day for filing dispositive motions under the Court's Docket Control Order.[14] Moreover, Defendant asserts--and Plaintiff does not dispute--that Plaintiff never conducted any discovery during the discovery period allowed by the Court in the Docket Control Order.[15] None of the evidence relating to the potential accrual of the statute of limitations is impacted by the subsequent transfer of Beneficial's rights to U.S. Bank Trust, and Plaintiff has not identified any evidence that it was unable to obtain by the exercise of due diligence during the discovery period and that requires additional time to obtain. Accordingly, Plaintiff's motions to dismiss, strike, remand, and continue are all denied.

Turning to the merits, Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348,

---

[14] Document No. 8.

[15] Document No. 14 at 3.

1356 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1413 (5th Cir. 1993). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." Id.

The sole issue in this case is whether Defendant's rights under the Deed of Trust were extinguished by the statute of limitations. Under Texas law, "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues," but "[i]f a series of notes or obligations or a note or obligation payable in installments is secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." Tex. Civ. Prac. & Rem. Code § 16.035(a), (e). Where, as here,[16] a deed of trust secured by real property contains an optional acceleration clause, "the action accrues only when the holder actually exercises its option to accelerate." Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001) (citations omitted). "Effective acceleration requires two acts: (1) notice of intent to accelerate, and (2) notice of acceleration." Id. (citations omitted).

---

[16] See Document No. 9-3 ¶ 18.

The uncontroverted summary judgment evidence is that Beneficial sent to the Noorlags a notice of intent to accelerate on April 5, 2014, and a notice of acceleration on March 14, 2016, less than two years ago.[17] Thus, Defendant's right to foreclose on the Property is not barred by the four-year statute of limitations. Plaintiff argues that Beneficial accelerated the indebtedness on February 11, 2013, but presents no evidence to support its argument.[18] Thus, Plaintiff has not raised a genuine issue of material fact that Defendant's rights under the Deed of Trust are barred by the applicable statute of limitations, and Defendant is entitled to summary judgment. Accordingly, it is

ORDERED that Plaintiff's Motion to Dismiss, Motion to Strike and Motion to Remand (Document No. 10) and Plaintiff's Motion for Continuance (Document No. 11) are DENIED, Defendant's Motion for Summary Judgment (Document No. 9) is GRANTED, and Plaintiff's claims are DISMISSED with prejudice.

---

[17] Document Nos. 9-5, 9-6.

[18] Plaintiff attaches to its Response an acknowledgment made by one Jack Palmer to a Notary Public that he "recorded and posted this notice in compliance with Texas Property Code § 51.002." No "notice" or other document precedes the acknowledgment which renders it a meaningless attachment.

A Final Judgment will be entered separately.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, this 6TH day of July, 2017.

　　　　　　　　　　　　　　　　　／s／ Ewing Werlein, Jr.
　　　　　　　　　　　　　　　　　EWING WERLEIN, JR.
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE